**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIELLE N. REYES,** <br> ***a.k.a. Darren L. Dale,***[1] | : | **Case No. 2:26-cv-381** |
| **Plaintiff,** | : | **District Judge James L. Graham** <br> **Magistrate Judge S. Courter M. Shimeall** |
| **vs.** | : | |
| **OHIO DEPARTMENT OF REHABILITATION and CORRECTION,** ***et al.*****,** | : | |
| **Defendants.** | | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Pickaway Correctional Institution ("PCI"), in Orient, Ohio, brings this pro se civil rights complaint under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Corrections ("ODRC"), ODRC Director Annette Chambers-Smith, PCI Medical provider Dr. Hale, the Madison Correctional Institution ("MaCI"), and PCI. (*See generally* Doc. 1-1.) By separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 2.)

This matter is now before the Court for a review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[1] The Court includes Darren L. Dale, the name in ODRC's records, to ensure that Plaintiff Reyes continues to receive all her legal mail in this case.

## I. Screening of the Complaint

### A. Background

On August 29, 2025, while she[2] was still incarcerated at MaCI, Plaintiff alleges she attended a telehealth appointment with Dr. Roger W. Harty, an endocrinologist from The Ohio State University. (*See* Complaint, Doc. 1-1 at 18.) According to Plaintiff, Dr. Harty "concluded that [she] met all criteria for gender reassignment surgery and recommended that [she] be referred to a urologist who specializes in gender reassignment." (*Id.*) A urology consultation request was placed on September 5, 2025, but was denied, with an Alternate Plan of Care ("APOC") issued by ODRC Central Office on September 16, 2025, for Plaintiff "to continue with endocrine." (*Id.*) After her October transfer to PCI, Plaintiff received a referral to endocrine from Nurse Hall on October 21, 2025, in compliance with ODRC Central Office's earlier directive for Plaintiff to continue with endocrine. (*Id.*) However, this endocrine referral also received an APOC on November 4, 2025, with ODRC Central Office now directing that Plaintiff continue with in-house care, which was a "direct contradiction of their previous instructions for [her] to continue with endocrine." (*Id.*) Plaintiff asserts that Dr. Hale resubmitted Dr. Harty's referral to urology on December 23, 2025, but that this referral also received an APOC, instructing that Plaintiff continue with her current plan of in-house care. (*Id.*)

Plaintiff requests that she "be evaluated by a qualified urologist specializing in gender reassignment and that this professional's recommendations be granted, including all pre-op and post-op care involved in gender reassignment." (*Id.* at 19.) Additionally, she requests transfer to a female

---

[2] The Court adopts the Sixth Circuit's convention of referring to transgender individuals by their preferred pronouns. *See McBee v. Campbell Cty. Det. Ctr.*, No. 17-5481/5943, 2018 WL 2046303, at *1 n.1 (6th Cir. Mar. 15, 2018).

facility for the remainder of her sentence. (*Id.*) Finally, she seeks $200,000 for alleged mental and emotional distress caused by ODRC and their staff and for "pain and suffering of being housed in a male facility, making [her] a target for sexual harassment by staff and inmates, sexual assault, violence, and discrimination." (*Id.*)

**B. Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *See id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the dismissal of complaints that fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). That said, the

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 (explaining that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**C. Analysis**

**1. The Court construes Plaintiff's Complaint as suing Defendants Chambers-Smith and Dr. Hale only in their official capacities.**

Plaintiff never specifies whether she is suing Defendants Chambers-Smith and Dr. Hale in their official capacities, individual capacities, or both. "If there is no indication that defendants are being sued in their individual capacities, the Court assumes they are being sued in their official capacities." *Moore v. City of Harriman*, 271 F.3d 769, 772 (6th Cir. 2001). However, the Court may look to the "course of the proceedings" to determine whether defendants have received enough

notice to hold them individually responsible for the alleged claims. *Id*. Plaintiff seeks monetary damages, which is one factor indicating an intent to sue Defendants in their individual capacities. *Id*. at 773. However, the nature of Plaintiff's claims never allocates individualized intent or action against her to either Defendant Chambers-Smith or Defendant Dr. Hale, instead asserting that "ODRC's Central Office," "medical staff at P.C.I.," or "ODRC and their staff" were responsible for Plaintiff's denial of treatment with a qualified urologist for gender reassignment surgery and for the "pain and suffering of being housed in a male facility, making [her] a target for sexual harassment by staff and inmates, sexual assault, violence, and discrimination."[3] (*See* Complaint, Doc. 1-1 at 19); *cf. Rose v. Reed*, No. 2:12-CV-977, 2014 WL 3547375, at *4 (S.D. Ohio July 17, 2014) (Graham, D.J.) (finding sufficient evidence that the plaintiff was suing the defendants in their individual capacities when the plaintiff asserted excessive force claims and specific actions each defendant took). Additionally, Plaintiff includes both Defendants' official titles when listing them as Defendants and uses their employment address for service, further indicating she is suing Defendants Chambers-Smith and Dr. Hale in their official capacities.[4] (*Id.* at 16); *Young v. Mohr*, No. 2:12-CV-349, 2013 WL 693050, at *4 (S.D. Ohio Feb. 26, 2013) (Marbley, D.J.). Furthermore, the factor of monetary damages alone is insufficient to place defendants on notice that they are being sued in their individual capacities. *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002). Therefore, the Court construes Plaintiff's Complaint to sue Defendants Chambers-Smith and Dr. Hale only in their official capacities.

---

[3] Notably, the only individualized action included in Plaintiff's Complaint regarding Dr. Hale was his resubmission of Dr. Harty's referral to urology, one element of Plaintiff's desired relief in this case. (*See* Complaint, Doc. 1-1 at 18, 20.)

[4] Additionally, Plaintiff only submitted one Summons form, addressed to ODRC, indicating an official capacity suit. (*See* Summons, Doc. 1-3 at 28.)

**2. Plaintiff may proceed on her Eighth Amendment deliberate indifference claim against Defendant Chambers-Smith in her official capacity to the extent that she seeks prospective injunctive relief.**

Upon review of the Complaint, and without the benefit of briefing by the parties, the Court concludes, in an abundance of caution, that Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against Defendant Chambers-Smith in her official capacity, for prospective injunctive relief, may proceed at this juncture. *See Enyart v. Chambers-Smith*, No. 2:24-CV-4302, 2025 WL 1696547, at *3 (S.D. Ohio June 17, 2025) (Morrison, D.J.) (official capacity claims seeking prospective injunctive relief are not barred by the Eleventh Amendment); *Dubuc v. Mich. Bd. of Law Exam'rs,* 342 F.3d 610, 616 (6th Cir. 2003) (finding that allegations of "an ongoing violation of federal law" and seeking prospective injunctive relief triggers the *Ex Parte Young* exception to sovereign immunity); *Millhouse v. Gill*, No. 2:25-CV-491, 2026 WL 266441, at *2 (S.D. Ohio Feb. 2, 2026) (Deavers, M.J.), *report and recommendation adopted*, No. 2:25-CV-491, 2026 WL 1557982 (S.D. Ohio June 2, 2026) (Morrison, D.J.) (allowing deliberate indifference claim to proceed when a transgender Plaintiff sufficiently pled implementation of an ODRC policy denied her sought gender-affirming treatment).

Although Plaintiff does not allege that Defendant Chambers-Smith was personally involved in the challenged conduct, "[t]he proper defendants in [an action for prospective injunctive relief] are the ones who have the power to provide the relief sought, whether or not they were involved in the allegedly illegal conduct at issue." *Taaffe v. Drake*, No. 2:15-CV-2870, 2016 WL 1713550, at *5 (S.D. Ohio Apr. 29, 2016). "In other words, the state official sued must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains." *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (cleaned up). Plaintiff alleges that "ODRC's central office" was responsible for denying her requested treatment. (*See*

Complaint, Doc. 1-1 at 18.) That allegation supports a plausible inference, at this stage, that Defendant Chambers-Smith's responsibilities as ODRC Director sufficiently connect her to the challenged treatment denials and that she has authority to provide Plaintiff's requested relief.

In so finding, the Court is aware that Plaintiff's claim against Defendant Chambers-Smith, upon further briefing, may implicate a difference in medical opinions for treatment, which does not constitute deliberate indifference under the Eighth Amendment. *See Jones v. Smith*, 2019 WL 1810923, at *2 (6th Cir. 2019). The Court finds, however, that such issues will benefit from being addressed after Defendant Chambers-Smith is served and has an opportunity to respond. In this regard, the Court advises Plaintiff that the Court's determination that her claim may proceed for purposes of this preliminary screening does not preclude Defendant Chambers-Smith from filing a motion to dismiss, a motion for more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

**3. The Court recommends that Plaintiff's remaining claims be dismissed.**

The Court recommends that Plaintiff's remaining claims be dismissed for the following reasons.

**a. ODRC, MaCI, and PCI**

First, Plaintiff names ODRC, MaCI, and PCI as Defendants. (*See generally* Doc. 1-1.) Plaintiff has failed to state plausible claims for relief against any of these Defendants for several reasons. "The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent." *Mayfield v. Dep't of Rehab. & Correction*, No. 2:20-CV-4841, 2021 WL 392427, at *2 (S.D. Ohio Feb. 4, 2021) (Deavers, M.J.), *report and recommendation adopted*, No. 2:20-CV-4841, 2021 WL 843169 (S.D. Ohio Mar. 5, 2021) (Graham, D.J.). Actions under 42 U.S.C. § 1983

do not abrogate a State's sovereign immunity under the Eleventh Amendment. *Id*. (citing *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013)). ODRC is "clearly a state agency and [is] entitled to Eleventh Amendment immunity." *Coleman v. Legmah,* No. 21-CV-3936, 2022 WL 4448983, at *3 (S.D. Ohio Sept. 23, 2022) (Sargus, D.J.) (citing *Miles v. Richland Corr. Inst*., No. 1:14-cv-1648, 2015 WL 366898, at *3 (N.D. Ohio Jan. 27, 2015)).

Thus, to the extent that Plaintiff brings claims against ODRC, MaCI, and PCI, the Court recommends all claims be **DISMISSED without prejudice** as to these Defendants for lack of subject matter jurisdiction based on Eleventh Amendment immunity.

**b. Official Capacity Claims for Monetary Relief**

Second, to the extent that Plaintiff seeks to bring claims for monetary damages against Defendants Chambers-Smith and Dr. Hale, Plaintiff's Complaint should be dismissed. The Eleventh Amendment bar described above extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974); *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against Defendants Chambers-Smith and Dr. Hale in their official capacities would be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70–71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

Plaintiff's official capacity claims against Defendants Chambers-Smith and Dr. Hale are

considered claims against the State of Ohio. Accordingly, any request for monetary damages against these Defendants in their official capacities should be **DISMISSED without prejudice** for lack of subject matter jurisdiction based on Eleventh Amendment immunity.

**c. Failure to Satisfy Basic Pleading Standards**

Third, Plaintiff's claims against Dr. Hale seeking prospective injunctive relief should be dismissed because the Complaint does not allege facts supporting a plausible inference that he has authority to provide the requested relief. As noted above, the Complaint alleges that Dr. Hale resubmitted Dr. Harty's referral to urology, but that the referral "received an APOC, instructing that Plaintiff continue with her current plan of in-house care." (*See* Complaint, Doc. 1-1 at 18, 20.)

Although these allegations describe Dr. Hale's involvement in the referral process, they do not indicate that he has authority to override the resulting treatment determination or otherwise provide the prospective relief Plaintiff seeks. *See Taaffe*, 2016 WL 1713550, at *5. Accordingly, the Court recommends that Plaintiff's official capacity claims for prospective relief against Dr. Hale be **DISMISSED** for failure to state a plausible claim for relief.

Finally, to the extent that Plaintiff attempts to bring any claims regarding the alleged "sexual harassment by staff and inmates, sexual assault, violence, and discrimination," the Court recommends these claims be dismissed without prejudice for failure to state a plausible claim for relief. (*See* Complaint, Doc. 1-1, at 19.) Plaintiff does not include sufficient factual allegations identifying who was involved, when the events occurred, or what happened.

These conclusory allegations do not satisfy the pleading standard set forth in *Iqbal* and *Twombly*. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Accordingly, the Court recommends that Plaintiff's claims regarding "sexual harassment by staff and inmates, sexual assault, violence, and discrimination" be **DISMISSED** for failure to state a plausible claim for relief.

## II. CONCLUSION

In sum, Plaintiff may proceed at this juncture on her Eighth Amendment deliberate indifference claim for prospective injunctive relief against Defendant Chambers-Smith in her official capacity.

For the foregoing reasons, it is therefore **RECOMMENDED** that:

1. Plaintiff's claims against ODRC, MaCI, and PCI be **DISMISSED without prejudice** for lack of subject matter jurisdiction based on Eleventh Amendment immunity;

2. To the extent Plaintiff seeks monetary damages, Plaintiff's official capacity claims against Defendants Chambers-Smith and Dr. Hale **DISMISSED without prejudice** for lack of subject matter jurisdiction based on Eleventh Amendment immunity;

3. To the extent she seeks prospective relief, Plaintiff's official capacity claims against Dr. Hale be **DISMISSED** for failure to state a plausible claim for relief; and

4. Plaintiff's claims regarding "sexual harassment by staff and inmates, sexual assault, violence, and discrimination" be **DISMISSED** for failure to state a plausible claim for relief.

It is therefore **ORDERED** that:

1. The Clerk provide Plaintiff with a U.S. Marshal form and summons form.

2. **Within 30 days** of this Order and Report and Recommendation, Plaintiff submit to the Court a completed U.S. Marshal form, summons form, and copy of the Complaint for Defendant Chambers-Smith.

3. Upon receipt of the completed U.S. Marshal form, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Chambers-Smith the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

4. Plaintiff shall inform the Court promptly of any changes in her address that may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion

for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: November 23, 2026

*S/ S. Courter M. Shimeall*
S. Courter M. Shimeall
United States Magistrate Judge